Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff, Hubert P. Monahan, an enlisted man in the Army, attained the rank of second lieutenant, Infantry, on August 26, 1918, and served as such until December 2, 1918, when he was absent without leave until January 9, 1919. On Jime 14, 1919, he was dismissed from the Army in pursuance of a sentence of a general court-martial.
On June 22, 1919, the plaintiff was permitted to reenlist and did enlist as a private, and thereafter, after serving through various grades, was retired on December 1Y, 1923, as a first sergeant with excellent character.
The plaintiff since his retirement has received the retired pay of a first sergeant; he now sues for the retired pay of a warrant officer from August 1, 1925, to date of judgment. The act relied upon is the act of June 6,1924 (43 Stat. 4Y2), and reads as follows:
“ That retired enlisted men of the Army heretofore or hereafter retired who served honorably as commissioned officers of the Army of the United States at some time between April 6, 191Y, and November 11, 1918, shall be entitled to receive the pay of retired warrant officers of the Army.”
It is argued in behalf of plaintiff’s pay rights that the facts bring his service clearly within the express provisions of the foregoing act; i.e., that he did serve honorably as a commissioned officer at some time between the dates mentioned, was not dismissed from the Army until 1919, and in virtue of his subsequent reenlistment and retirement comes squarely within the law.
*518 The scope and intent of the act of June 6, 1924, is ascertainable from previous legislation upon the same subject, and the reports of congressional committees contemporaneous with the passage of the act. An act passed June 4, 1920, four years before the act involved herein, contained provisions for retired pay of precisely the same character as the later act of 1924. It differed from the act of 1924 in that the increased pay allotted for the service was restricted to enlisted men who retired prior to or during the late war and who had been called to service in that war and actually served as emergency officers .therein. The provisions of the act of June 4,1920 (41 Stat. 786), are as follows:
“ Retired enlisted men who have served honorably as commissioned officers of the United States Army at some time between April 6, 1917, and November 11, 1918, including those who have been placed on the retired list during the World War, and who have been or may hereafter be discharged from their temporary commissions, shall receive the retired pay and allowances or warrant officers on the retired list, as provided in this act.”
The act of June 6, 1924 (supra), under which plaintiff claims, was designed and intended to correct the apparent inequities, as held by the Judge Advocate General of the Army and the Comptroller General, of the act of June 4, 1920. As said in the committee report of the House of Representatives (House Report No. 397, March 28, 1924, 68th Cong., 1st session, Con. Doc. 8227), “ It is believed that Congress intended to give this recognition to all retired enlisted men who served honorably as commissioned officers during the World War, whether they retired prior to, during, or after-:the war.”
It is manifest from what has been said that the legislation pertinent to this case was intended to grant increased retired pay to commissioned officers who had served honorably at some time between the declaration of war with Germany and the signing of the armistice, which closed hostilities. It was this particular service and the precise character of the same which Congress was intent on rewarding by granting increased retired pay to those commissioned officers who rendered it honorably. In other words, Congress believed as a *519 matter of justice and equity that enlisted men serving during the period of actual hostilities should not be restricted in their retirement to the pay provided by prior existing pay statutes, but should receive the advanced pay of a. warrant officer. By expressly designating the service and the dates within which it was performed Congress was undoubtedly restricting the benefits of the law to the service performed during that period and no other.
The plaintiff’s military service is divided into two distinct periods. It is true the period of separation was not of long duration but it unquestionably exists. It may not be said, in view of the record in this case, that plaintiff did honorably serve as a commissioned officer at any time between the dates set forth in the act of June 6, 1924. The record negatives this fact, and the court may not go behind the record. We are not to pass upon the seriousness or triviality of the offense which resulted in plaintiff’s dismissal from the -Army, and unless we are mistaken it was this service, i.e., the service rendered by the plaintiff between April 6, 1917, and November 11, 1918, the act of June 6, 1924, intended to cover. Emory v. United States, 19 C.Cls. 254. In our opinion, the military service of the plaintiff which would have entitled him to pay provided by the act of June 6, 1924, terminated, unfortunately for him, not in retirement from the Army but in a dismissal from the same in pursuance of the sentence of a court-martial.
Plaintiff’s second period of service began on June 22,1919, and terminated December 17,1923; during this entire period plaintiff performed no military service of the character enumerated in the act of June 6, 1924. His second period of service, to his credit, terminated honorably, and he is now receiving the retired pay to which his service entitles him. Nothing appears of record to authorize the court to efface from plaintiff’s military service what indisputably appears thereon, and we do not believe it is tenable to take the position that the act of June 6, 1924, entitled the plaintiff to recover because between the dates mentioned therein the plaintiff was serving as a commissioned officer free from charges of dereliction of duty. To so hold would impose upon the court the duty of so construing the act that, irre *520 spective of its intent and purpose and its relationship to the subject matter under consideration, one, no matter how gross a violation of the articles of war appears, is entitled,to its benefits because he happens to seemingly fall within its terms.
As a matter of fact and law, we do not believe the plaintiff’s military service falls within the statutory provisions relied upon. Welch v. United States, 43 C.Cls. 324.
Without commenting upon the issue as to the regularity of plaintiff’s second enlistment, it is, we think, sufficient to' observe that it serves herein to accomplish no more than to disclose a military status that came into being after the termination of a preceding service, and with respect to pay provisions therefor has been compensated for in accord with existing law applicable to such a service. The act of June 6, 1924, did not contemplate or intend to increase the pay for service rendered as the record, in .this case discloses it was rendered, and the plaintiff’s petition will be dismissed. It is so ordered.
Williams, Judge; Littletoh, Judge; and Greek, Judge, concur.
Whalet, Judge, dissents.